UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUSAN J. DAVIS-GRIMPLIN,

    Plaintiff,

v.                                      CASE No. 8:08-CV-23-T-24TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security fails to evaluate important pieces of evidence, I recommend that the decision be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was in her forties during the time under consideration and who has the equivalent of a high school education, has worked primarily at K-Mart. She filed claims for Social Security disability

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

benefits and supplemental security income payments. The claims have received extensive consideration during prolonged procedures that have included four administrative hearings and two appearances in this court. The parties have not deemed it necessary to set out the claims' lengthy history, which is recounted in the most recent administrative decision (Tr. 1605-06). It is enough to say that in the third decision the administrative law judge issued a partially favorable decision that, with respect to the claim for supplemental security income, found the plaintiff disabled under the medical-vocational guidelines as of March 20, 2003, when she turned fifty years of age (Tr. 621-22).

The plaintiff challenged the unfavorable aspect of that decision. The issue thus became whether the plaintiff was disabled between her alleged onset date of November 30, 1994, and March 19, 2003 (Tr. 1607). The fourth administrative hearing was conducted with respect to that issue.

Following that hearing, the law judge found that the plaintiff had the following severe impairments (Tr. 1622):

> [D]egenerative disc disease of the lumbar spine, status-post fusion (1993) and hardware removal (1998); history of shoulder bursitis; bilateral carpal tunnel syndrome; probable degenerative joint

> disease of the left knee; fibromyalgia; type II diabetes mellitus; sensory neuropathy; asthma; hiatal hernia; gastroesophageal reflux disease (GERD); history of peptic ulcer disease; headaches; and, obesity. The claimant also had depression, a medically determinable, severe mental impairment evidenced by the following Part B mental limitations: moderate restriction in activities of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and, one to two episodes of decompensation of extended duration (20 CFR §§ 404.1520(c) and 416.920(c)).

The law judge concluded that these impairments resulted in the following residual functional capacity (id.):

> During the period at issue (November 30, 1994 to March 19, 2003), the claimant could perform a limited range of sedentary work activities. The claimant could: lift/carry/push/pull 20 pounds occasionally, and ten pounds frequently; sit for six hours in an eight-hour workday; and, stand/walk for two hours in an eight-hour workday. She could never climb ladders/ropes/scaffolds, and only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. Furthermore, the claimant could do no overhead reaching with the left upper extremity. She could not work on uneven terrains, around dangerous, moving machinery, or at unprotected heights. The claimant could also not work around concentrated dust, fumes, gases, or air pollutants. Finally, with her

>  mental impairments, the claimant could perform no
> detailed or complex tasks.

The law judge determined that these limitations prevented the plaintiff from performing past work. However, based upon the testimony of a vocational expert, the law judge found that the plaintiff could perform jobs that exist in significant numbers in the national economy, such as assembler, message taker, and packager (Tr. 1621). Accordingly, she decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, also, the plaintiff must show that she became disabled before her insured status expired on December 31, 1999, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff has raised a number of challenges. At least two have merit and warrant reversal.

The plaintiff points out that she has been awarded workers' compensation benefits for a permanent and total disability, and that the law judge failed to articulate any analysis with respect to that determination. The plaintiff notes, as she wrote to the law judge (Tr. 1688) and to the Appeals Council (Tr. 1581-82), that the Eleventh Circuit has held that a workers' compensation award in Florida is to be given "great weight" in evaluating a Social Security disability claim. Falcon v. Heckler, 732 F.2d 827, 831 (11th Cir. 1984). This principle is like that applied to disability determinations by the Department of Veterans Affairs ("VA"). See Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. 1981). The Fifth Circuit explicated this principle in Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001):

> In *Rodriguez* and its progeny, we have sometimes referred to a VA disability determination as being entitled to "great weight." While this is true in most cases, the relative weight to be given this type of evidence will vary depending upon the factual circumstances of each case. Since the regulations for disability status differ between the SSA and the VA, ALJs need not give "great weight" to a VA disability determination if they adequately explain the valid reasons for not doing so.

See also Pearson v. Astrue, 271 Fed.Appx. 979 (11th Cir. 2008).

Similarly, a law judge is required to give great weight to a workers' compensation disability determination, or provide an adequate explanation for failing to do so. In this case, the law judge's decision did not even mention the workers' compensation determination, much less evaluate it. Significantly, the law judge indicated at the hearing that she was aware of the workers' compensation award (Tr. 1697). In that respect, the law judge commented that the definition for Social Security disability differs from that of workers' compensation (id.). That comment, however, is not part of the administrative decision that is subject to review. However, even if it were, it would be plainly inadequate to justify the law judge's failure to give great weight to the workers' compensation determination, as shown by Falcon v. Heckler, supra, 732 F.2d at 831. See also Rodriguez v. Schweiker, supra, 640 F.2d at 686. Therefore, the lack of proper consideration of the workers' compensation determination warrants a remand.

The plaintiff also raises a contention concerning the law judge's assessment of the plaintiff's hand condition that has persuasive force. The law judge found that the plaintiff had a severe impairment of bilateral carpal tunnel syndrome (Tr. 1622). That means that the plaintiff had a hand

condition that significantly affected her ability to perform basic work activities, such as handling. 20 C.F.R. 404.1521, 416.921. The law judge, however, did not include any residual functional capacity limitation arising from the plaintiff's hand problem. Notably, the prior administrative decision had found that the plaintiff's fine manipulation was limited (Tr. 621). Furthermore, the vocational expert testified that, if the plaintiff were limited to fingering and feeling only occasionally, she could not perform the three jobs he had identified as being within her capabilities (Tr. 1722). Thus, it was important for the law judge to identify the functional limitations that were caused by her severe impairment of bilateral carpal tunnel syndrome, and she failed to do that.

The only evaluation of the plaintiff's hand condition was the following (Tr. 1617):

> The undersigned also recognizes the existence of severe left shoulder, bilateral hand, and left knee injuries. These have been confirmed by objective x-rays and nerve conduction velocity studies (Exhibits 24, 28, 37, 45, 72, 73, 74, B16F, and B24F). However, the Administrative Law Judge is also mindful of the fact that surgical correction has never been deemed necessary for these injuries, and they have been primarily treated with medications.

The fact that the plaintiff has not undergone any surgical procedures does not adequately establish that the plaintiff does not have any functional limitations from her hands. Moreover, this statement fails to explain the seemingly inconsistent conclusions that the plaintiff has a severe impairment of bilateral carpal tunnel syndrome, but does not have any functional limitations from that impairment. Consequently, this matter needs to be properly addressed on remand.

The plaintiff also argues that the law judge erred in failing adequately to assess an opinion by a treating psychologist, Dr. Florence J. Frain, that the plaintiff, "from a psychological standpoint, is able to work in a low stress position" (Tr. 603). The law judge neither discounted this statement, nor included a low stress limitation in the hypothetical question or residual functional capacity. The failure to do so is, at least, problematic. It is not enough to assert, as the Appeals Council did, that the jobs identified by the vocational expert were low stress jobs (Tr. 1575). That opinion needs to come from the vocational expert. Accordingly, on remand, the Commissioner should either discount Dr. Frain's comment, or include a low stress limitation in the hypothetical questions.

The plaintiff has asserted a number of other contentions. None of them have merit, and they warrant, at most, only a brief discussion.

The plaintiff argues that she equals a listing in Appendix 1 due to her obesity and inability to ambulate effectively (Doc. 13, pp. 2-3). This argument has not been meaningfully developed and fails to satisfy the requirement in my scheduling Order that each discrete challenge "be supported by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 12, p. 2). Notably, in order to demonstrate that an impairment is equivalent to one of the listed impairments, "the claimant must present evidence which describes how the impairment has such an equivalency." Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). The plaintiff has not set forth any such evidence. Moreover, although the plaintiff on this contention seeks to rely on her obesity, she has not even mentioned her weight, which I note varied significantly and at one time was only 163½ pounds (Tr. 972). In short, the plaintiff has not made the showing necessary to sustain this contention.

The plaintiff also contends that the law judge failed to give proper weight to the opinions of treating physicians, and, in particular, Dr. Fernando C. Larach, a treating rheumatologist, and Dr. Charles Finn, a treating orthopedic surgeon.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not giving them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Larach has opined that the plaintiff is totally and permanently disabled (Tr. 477). The law judge considered that opinion and discounted it as inconsistent with all the other evidence (Tr. 1619). That determination was adequate and reasonable. Significantly, the plaintiff made a similar argument about Dr. Larach's opinion in a prior appearance in this court, and Magistrate Judge McCoun rejected it, stating "that the ALJ could

properly discount the conclusory opinions of Dr. Larach, which do not appear backed up in this record by any clinical findings" (Tr. 1153, n.1).

I will go further (since the plaintiff seems to place such emphasis upon Dr. Larach's opinions) and say that Dr. Larach's opinions seem implausible. Thus, he opined in a deposition that the plaintiff was only "capable of lifting a pound or two, no more than 8 to 10 times a day" (Tr. 561). That assertion seems contradicted by the fact that the plaintiff carried a cane when she walked. And it is certainly inconsistent with a functional evaluation demonstrating that the plaintiff could lift twenty-five pounds on the left and twenty pounds on the right (Tr. 1166).

Furthermore, Dr. Larach opined that the plaintiff could only sit for one to two hours during an eight-hour day (Tr. 532). This is refuted by, among other things, the fact that the plaintiff moved from this area to California and then subsequently moved back. It is hard to conceive how the plaintiff could engage in such activity – twice – if she could only sit for one to two hours in an eight-hour period. Thus, it appears that Dr. Larach has clearly overstated the plaintiff's limitations. This bolsters the conclusion that the law judge had a reasonable basis for discounting Dr. Larach's opinions.

The plaintiff also seeks to rely upon the opinion of Dr. Finn who performed the plaintiff's back surgery (and consistently proclaimed the surgery a success). Dr. Finn, on February 13, 1995, filled out a form that indicated the plaintiff could sit for two hours in an eight-hour day (Tr. 343). The law judge considered that conclusory assessment and discounted it, stating that the "opinion is inconsistent with the medical and non-medical evidence of record" (Tr. 1619). In particular, it is noted that, on January 27, 1995, Dr. Finn, following an examination of the plaintiff, said that the plaintiff "had her F[unctional] C[apacity] E[valuation] and I believe that her restrictions should be based on that" (Tr. 328). The evaluation concluded that the plaintiff "is capable of performing sedentary work," which requires sitting for approximately six hours of an eight-hour workday (Tr. 214). Thus, at best, Dr. Finn has issued at about the same time inconsistent opinions concerning the plaintiff's ability to sit. This inconsistency plainly justifies the law judge in discounting Dr. Finn's opinion that the plaintiff could only sit for two hours. And, as indicated, such an opinion seems refuted by the plaintiff's ability to move to California and back.

It is appropriate to add that, especially with the opinions of Drs. Larach and Finn reasonably discounted, the voluminous record as a whole contains substantial evidence supporting a finding that the plaintiff could perform a range of sedentary work during the period at issue. Of course, such a finding is subject to further consideration upon the evaluation of the evidence, discussed previously, that the law judge failed to assess. In all events, the evidence at this point does not compel the conclusion that the plaintiff is unable to perform sedentary work.[2]

The plaintiff also makes a conclusory argument that the law judge did not correctly apply the Eleventh Circuit pain standard. The law judge not only referred to that standard, but set forth a detailed explanation for her credibility determination (Tr. 1617-18). There is nothing in the plaintiff's cursory argument (Doc. 13, pp. 16-17) that compels a different conclusion.

---

[2]This determination takes into account the report of Hal J. Heitler, a vocational expert. The law judge, as she was entitled to do, reasonably found more persuasive the evidence provided by the vocational expert who testified at the hearing (Tr. 1621).

IV.

For the foregoing reasons, the decision of the Commissioner is deficient. I therefore, recommend that the decision be reversed and the matter remanded for further consideration.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER 23, 2008

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).